[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12921
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00490-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTEZ COOK,
a.k.a. Cuda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2015)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Martez Cook appeals his 180-month sentence for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). The district court found that Cook's prior conviction for fleeing and eluding a police officer, in violation of Fla. Stat. § 316.1935, qualified as a violent felony under the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Cook objected, arguing that the residual clause was unconstitutionally vague. The court overruled that objection and sentenced him as a career criminal based on that conviction and two other uncontested prior convictions. This is his appeal.

In 2015, while Cook's appeal was pending, the Supreme Court invalidated the residual clause as unconstitutionally vague in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2556–57, 2563 (2015). Because of Johnson, Cook's fleeing and eluding conviction can serve as a predicate offense only if it qualifies as a violent felony under a different ACCA provision. It does not. The government agrees that Fla. Stat. § 316.1935(1)–(2) does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," is not "burglary, arson, or extortion," and does not involve the "use of explosives." 18 U.S.C. § 924(e)(2)(B)(i)–(ii). Because the ACCA applies only if the defendant has three qualifying offenses, 18 U.S.C. § 924(e)(1), Cook is one

2

offense short of that requirement.  For that reason, we vacate his sentence and remand for re-sentencing.[1]

**VACATED AND REMANDED.**

---

[1] He also contends that his mandatory minimum sentence under the ACCA is unconstitutional in light of 18 U.S.C. § 3553(a).  Because the ACCA does not apply, we need not consider that contention.